UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REV. DENINAH GOODWIN**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1397** |
| **HOUSING AUTHORITY OF**<br>**NEW ORLEANS, et al.,**<br>    **Defendants** | **SECTION "E"** |

ORDER AND REASONS

Before the Court is *pro se* plaintiff Rev. Deninah Goodwin's ("Rev. Goodwin") motion for leave to proceed *in forma pauperis* on appeal.[1]  For the reasons set forth below, Rev. Goodwin's motion is denied.

Rev. Goodwin has filed a notice of appeal[2] of this Court's July 25, 2013 Order[3] and July 30, 2013 Judgment[4] granting motions to dismiss filed by several, but not all, of the defendants named in Rev. Goodwin's second amended complaint.  Rev. Goodwin was granted leave to proceed *in forma pauperis* in the above-captioned action on October 25, 2011.[5]  Under the Federal Rules of Appellate Procedure, a party in a district court action who was permitted to proceed *in forma pauperis* in that action may proceed on appeal *in forma pauperis* without further authorization unless the district court certifies that the appeal is not taken in good faith and states in writing its reasons for its certification.  FED. R. APP. P. 24(a)(3)(A).  Likewise, under the "Proceeding *In Forma Pauperis*" statute, 28

---

[1] R. Doc. 140.

[2] R. Doc. 141.

[3] R. Doc. 135.

[4] R. Doc. 136.

[5] R. Doc. 4.

1

U.S.C. § 1915, "an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

"'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971). A plaintiff seeking *in forma pauperis* status need not demonstrate probable success on the merits. *See Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir.1986). The plaintiff does, however, need to show at least that her appeal is not frivolous. *See Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988). An appeal is frivolous if does not involve "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal citation omitted).

The appellate court has jurisdiction over only: (1) appeals from final decisions under 28 U.S.C. § 1291;[6] (2) certain interlocutory decisions under 28 U.S.C. § 1292(a);[7] and (3)

---

[6] Section 1291 provides that "[t]he courts of appeals . . . have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court."

[7] Section 1292(a) provides that "[t]he courts of appeals shall have jurisdiction of appeals from:

> (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;
>
> (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property; [and]
>
> (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

partial judgments certified as final by the district court under 28 U.S.C. § 1292(b)[8] and/or Federal Rule of Civil Procedure 54(b).[9] *See United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006).  Because Rev. Goodwin's appeal does not fall into any of these categories, the United States Court of Appeals for the Fifth Circuit lacks jurisdiction over her appeal. Because the Fifth Circuit lacks jurisdiction, Rev. Goodwin's appeal is frivolous.  As a result, the Court finds the instant appeal is not taken in good faith.

Accordingly, **IT IS ORDERED** that Rev. Goodwin's motion for leave to proceed *in forma pauperis* on appeal be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that Rev. Goodwin may challenge this order by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit within **thirty (30) days** of service of this Order.  *See* FED. R. APP. P. 24(a)(5).

**New Orleans, Louisiana, this __7th__ day of August, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[8] Section 1292(b) provides that "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . ."

[9] "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).