UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REV. DENINAH GOODWIN<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No. 11-1397 |
| HOUSING AUTHORITY OF<br>NEW ORLEANS, et al.,<br>    Defendants | SECTION "E" |

### ORDER AND REASONS

Before the Court are numerous motions filed by *pro se* plaintiff Rev. Deninah Goodwin ("Rev. Goodwin") and various defendants.

### BACKGROUND

On October 25, 2011, Rev. Goodwin filed a complaint against various agencies and divisions of federal and state government.[1] On April 30, 2012, Rev. Goodwin was granted leave to file a second amended complaint, adding a number of individuals as defendants.[2] Rev. Goodwin named Stephen Don Carlos ("Carlos"), as mayor of the City of Baytown, a defendant in his official capacity. She also named Fran Parent ("Parent") and Mark Tiller ("Tiller"), as officers of the Baytown Housing Authority, as defendants in their official capacities.[3]

On July 25, 2013, this Court entered an order dismissing various defendants.[4] The City of Baytown, Texas and the Baytown Housing Authority were dismissed for lack of

---

[1] R. Doc. 5.

[2] R. Doc. 26.

[3] R. Doc. 27.

[4] R. Doc. 135.

1

personal jurisdiction under Rule 12(b)(2). Because Carlos, Parent and Tiller had not responded to Rev. Goodwin's second amended complaint, the Court ordered those individuals to respond to the complaint by August 15, 2013.

Defendants Carlos, Parent, and Tiller moved to dismiss Rev. Goodwin's claims against them for lack of personal jurisdiction under Rule 12(b)(2).[5] Rev. Goodwin opposes both motions.[6] Parent and Tiller filed a motion to vacate this Court's order requiring them to respond to Rev. Goodwin's complaint by August 15, 2013.[7] Rev. Goodwin filed an *ex parte* motion for entry of default against Parent, Tiller, and James Mike Terrell.[8]

## ANALYSIS

Rule 12(b)(2) allows a defendant to challenge the Court's exercise of personal jurisdiction. The plaintiff bears the burden of establishing the Court's jurisdiction over the defendant, but, unless the Court holds an evidentiary hearing on the issue, the plaintiff need only make a *prima facie* showing that the Court's exercise of personal jurisdiction is proper. *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

As the Court thoroughly explained in its July 25, 2013 order, Rev. Goodwin failed to make a *prima facie* showing that this Court had personal jurisdiction over the City of Baytown and the Baytown Housing Authority. Those defendants lacked "substantial,

---

[5] Carlos moved to dismiss on August 14, 2013. (R. Doc. 157) Parent and Tiller joined in a motion to dismiss filed on August 16, 2013. (R. Doc. 164)

[6] R. Doc. 178. Rev. Goodwin filed a single opposition to both motions to dismiss.

[7] R. Doc. 174.

[8] R. Doc. 179. James Mike Terrell also was required to respond to Rev. Goodwin's complaint by August 15, 2013. Although Terrell did not respond until August 19, 2013, the Court finds his response timely because he was not served with a copy of the Court's July 25 order until August 15, 2013. *See* R. Doc. 170.

continuous, and systematic general contacts" with the state of Louisiana, and none of Rev. Goodwin's claims against those defendants arose out of acts occurring within the state.[9] Similarly, Rev. Goodwin has failed to demonstrate that defendants Carlos, Parent, and Tiller have substantial, continuous and systematic contacts with the state of Louisiana, nor has Rev. Goodwin shown that any of her claims against them arise out of acts committed in Louisiana.

Accordingly, **IT IS ORDERED** that defendant Carlos' motion to dismiss for lack of jurisdiction under Rule 12(b)(2) is **GRANTED**. Parent and Tiller's motion to dismiss for lack of personal jurisdiction also is **GRANTED**. The motion to vacate filed by Parent and Tiller is **DENIED** as moot. Rev. Goodwin's motion of entry for default against Parent, Tiller and Terrell is **DENIED**.

New Orleans, Louisiana, this __9th__ day of October, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. 135, p. 25.