UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REV. DENINAH GOODWIN**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1397** |
| **HOUSING AUTHORITY OF**<br>**NEW ORLEANS, et al.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by defendants Tony Hebert, Fred Tombar, Daniel Rodriguez, Deborah Alexander (the "HUD Defendants") and the United States of America.[1] *Pro se* plaintiff Deninah Goodwin ("Rev. Goodwin") opposes the Federal Defendants' motion.[2] The Court also will consider whether claims against defendant Kelly Dorfman should be dismissed under Federal Rule of Civil Procedure 4(m).

## BACKGROUND

Rev. Goodwin sued a number of federal and state government agencies, as well as various officials within the United States Department of Housing and Urban Development ("HUD").[3] On July 25, 2013, the Court found the HUD Defendants had not been properly served under Rule 4 in either their individual or official capacities (the "July 25 Order").[4]

---

[1] R. Doc. 175

[2] R. Doc. 182.

[3] With respect to the HUD Defendants, Tony Hebert, Fred Tombar, and Daniel Rodriguez were all sued in both their official capacity and their individual capacity. Deborah Alexander was sued in her official capacity only.

[4] R. Doc. 135. The Court found service was improper after the HUD Defendants moved to dismiss Rev. Claims under Federal Rule of Civil Procedure 12(b)(5) and Rule 4(m).

The Court allowed Rev. Goodwin "one final chance" to perfect service on the HUD Defendants no later than August 15, 2013.[5] The Court ordered Rev. Goodwin to file into the record proof of service no later than August 22, 2013.[6] If Rev. Goodwin failed to perfect service by the August 15, 2013 deadline, the Court granted the HUD Defendants the opportunity to re-urge their 12(b)(5) motion, to be filed no later than August 30, 2013.[7] The Court also found defendant Kelly Dorfman had not been served properly, and ordered Rev. Goodwin to show good cause, in writing, why her claims against Ms. Dorfman should not be dismissed, pursuant to Rule 4(m), for failure to timely serve a copy of her second amended complaint on Ms. Dorfman.[8]

On August 9, 2013, the United States of America was substituted for the HUD Defendants in their official capacity with respect to Rev. Goodwin's tort claims against them.[9] Rev. Goodwin then filed a Motion to Vacate the order substituting the United States as defendant in place of the HUD Defendants.[10]

On August 27, 2013, the HUD Defendants, along with the United States, moved to dismiss Rev. Goodwin's claims under Federal Rule of Civil Procedure 12(b)(1), (5) and (6) for lack of jurisdiction, failure to state a claim, and for failure to properly effect service of

---

[5] R. Doc. 135, p. 29. The Court found the HUD defendants had not been properly served in their individual or official capacity.

[6] *Id.*

[7] *Id.*, p. 30.

[8] R. Doc. 135, p. 4.

[9] R. Doc. 155. Under the Federal Tort Claims Act, suits against the United States are the exclusive remedy for persons with claims for damages resulting from the tortious actions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1). Accordingly, the United States of America is substituted as the sole defendant with respect to those claims.

[10] R. Doc. 177.

process.

## ANALYSIS

The record reflects Rev. Goodwin has not complied with the Court's July 25 Order to serve the HUD Defendants no later than August 15, 2013. On the August 15, 2013 deadline, Rev. Goodwin filed a Motion for an Extension, seeking additional time to serve defendants and to make certain appeals.[11] The Court denied Rev. Goodwin's request for an extension.[12] Since then, Rev. Goodwin has not served, or attempted to serve, any of the HUD Defendants or the United States with her second amended complaint. The substitution of the United States for the HUD Defendants in their official capacity did not change Rev. Goodwin's obligation to properly effect service and comply with the Court's July 25 Order.[13]

Having found Rev. Goodwin failed to effect service of process by the August 15, 2013 deadline, **IT IS ORDERED** that the Motion to Dismiss be and hereby is **GRANTED**.[14]

The Court also finds the substitution of the United States for the HUD Defendants in their official capacity was proper.[15] Accordingly, **IT IS FURTHER ORDERED** that Rev.

---

[11] R. Doc. 160.

[12] R. Doc. 176.

[13] As the July 25 Order explained, service on the United States or an employee sued in an official capacity is achieved by sending a copy of the summons and the complaint by registered or certified mail to the agency, corporation, officer, or employee. *See* Fed. R. Civ. P. 4(i)(2). Thus, the method of service did not change after the United States substituted the HUD Defendants.

[14] Because Rev. Goodwin has not properly effected service of process on the HUD Defendants or the United States, the Court need not discuss the merits of the parties' Rule 12(b)(1) and 12(b)(6) arguments.

[15] Under 28 U.S.C. § 2679(b)(1), suits against the United States are the sole remedy for persons with claims for damages resulting from tortious actions of federal employees taken within the scope of their employment.

Goodwin's Motion to Vacate is **DENIED.**

Rev. Goodwin filed a response on August 15, 2013 to the Court's July 25 Order to show cause why her claims against Ms. Dorfman should not be dismissed for failure to timely serve the second amended complaint.[16] Rev. Goodwin's response does not show she has properly served Ms. Dorfman or any other compelling reasons why her claims against Ms. Dorfman should not be dismissed. Accordingly, **IT IS ORDERED** that Rev. Goodwin's claims against Ms. Dorfman be and hereby are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

New Orleans, Louisiana, this __4th__ day of February, 2014.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[16] R. Doc. 161.