UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REV. DENINAH GOODWIN                           CIVIL ACTION
    Plaintiff

VERSUS                                         No. 11-1397

HOUSING AUTHORITY OF                           SECTION "E"
NEW ORLEANS, et al.,
    Defendants


ORDER AND REASONS

Before the Court is a Motion to Dismiss or, Alternatively, for Summary Judgment

filed by defendant, City of New Orleans ("the City")[1] and a Motion to Dismiss for Lack of

Personal Jurisdiction filed by defendant Rev. James M. Terrell ("Rev. Terrell").[2] *Pro se*

plaintiff Deninah Goodwin ("Rev. Goodwin") opposes Rev. Terrell's motion[3] but did not

file an opposition to the City's motion. Rev. Terrell filed a reply memorandum to Rev.

Goodwin's opposition.[4]

BACKGROUND

Rev. Goodwin sued a number of individuals, private corporations, and federal and

state government agencies engaged in conduct during and after Hurricanes Katrina, Rita,

and Ike under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and various

---

[1]R. Doc. 198.

[2]R. Doc. 203.

[3]R. Doc. 207.

[4]R. Doc. 213.

state laws.[5] The vast majority of the defendants have already been dismissed for lack of service,[6] failure to state a claim,[7] and lack of personal jurisdiction.[8] The only remaining defendants are Rev. Terrell and the City.

Rev. Goodwin claims she was purchasing a property from Rev. Terrell in Baytown, Texas, and Rev. Terrell would "frighten" her and her family members.[9] Rev. Goodwin additionally claims Rev. Terrell would enter the house at "odd hours, like 11 p.m. [and] 7 a.m." through the garage door.[10] Plaintiff alleges she contacted law enforcement to prevent Rev. Terrell from entering the home, but the police denied Rev. Goodwin's request on the grounds that it was Rev. Terrell's home and he had a right to enter it.[11]

Rev. Goodwin's claims against the City are less clear. Rev. Goodwin claims the City owed a "duty to honestly assist all residents from [New Orleans]" following Hurricanes Katrina, Rita and Ike.[12] Rev. Goodwin also alleges the City had a duty to effectively communicate the availability of "federal monies and the appropriate distributions per state and municipal guidelines."[13] The only other allegations contained in Rev. Goodwin's complaint against the City simply allege the City was a part of a "criminal enterprise" along

[5]R. Doc. 27.

[6]R. Doc. 91, R. Doc. 129, R. Doc. 192.

[7]R. Doc. 135.

[8]R. Doc. 183.

[9]R. Doc. 27, p. 26.

[10]R. Doc. 27, p. 26.

[11]R. Doc. 27, p. 26.

[12]R. Doc. 27, p. 26.

[13]R. Doc. 27, p. 26.

with the other defendants.[14]

In its Order and Reasons issued on July 25, 2013 (the "July 25 Order"), the Court noted the City and Rev. Terrell had been served with Rev. Goodwin's second amended complaint but had not yet responded.[15] The Court ordered the City and Rev. Terrell to respond by August 15, 2013 at 5:00 p.m. The City filed an answer on August 14, 2013.[16] Rev. Terrell, proceeding *pro se*, filed a response on August 19, 2013.[17] Rev. Terrell's response asked the Court to accept his filing as timely because he did not receive the Court's July 25 Order until August 13, just two days before the August 15 deadline.[18] Rev. Terrell also stated his response was "written to submit a motion to dismiss for good cause."[19]

Both Terrell and the City now move to dismiss Rev. Goodwin's claims. Terrell asserts this Court does not have personal jurisdiction over him because he does not have sufficient contacts with the state of Louisiana. The City argues Rev. Goodwin's complaint does not contain sufficient facts to state a plausible claim, and alternatively, that the City entitled to summary judgment dismissing Rev. Goodwin's claims against it.

## DISCUSSION

### A. Rev. Terrell's Motion

#### 1. Waiver

Rev. Terrell asks the Court to dismiss Rev. Goodwin's claims for lack of personal

---

[14]R. Doc. 27, p. 27.

[15]R. Doc. 135. The Court granted Rev. Goodwin's motion for entry of default against Rev. Terrell. *See* R. Doc. 135, p. 5. Rev. Goodwin had not moved for entry of default against the City. R. Doc. 135, p. 30.

[16]R. Doc. 158.

[17]R. Doc. 170. Although Rev. Terrell was proceeding *pro se* when he filed his response, he obtained counsel on March 20, 2014. *See* R. Doc. 202.

[18]R. Doc. 170.

[19]R. Doc. 170.

jurisdiction under Rule 12(b)(2). As an initial matter, the Court must first determine whether Rev. Terrell's August 19 response, filed *pro se* in response to the Court's July 25 Order, constituted a waiver of his defense of lack of personal jurisdiction. Generally, under Federal Rule of Civil Procedure 12(h)(1), the defense of lack of personal jurisdiction is waived if it is not asserted in the first pre-answer motion or, if no such motion is made, in the answer. Fed. R. Civ. P. 12(h)(1); 12(g)(2). However, it is settled that courts interpret pleadings filed by *pro se* litigants liberally and a court will "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

In his August 19 response, Rev. Terrell contested generally the claims asserted against him but did not specifically raise a personal jurisdiction defense. However, his filing was made expeditiously, without guidance from counsel, and in an effort to comply with the Court's July 25 Order. It cannot be said Rev. Terrell voluntarily and with full knowledge effectively relinquished his right to argue the Court lacked personal jurisdiction. Considering the liberal standard commonly applied to *pro se* litigants, the Court does not find Rev. Terrell waived his defense of lack of personal jurisdiction. The Court's finding is consistent with other courts which have similarly allowed *pro se* litigants to raise a personal jurisdiction defense even after filing responsive pleadings. *See United Advertising Agency, Inc. v. Robb*, 391 F. Supp. 626, 631-31 (M.D. N.C. 1975); *Bell v. Shah*, 2009 WL 860588, at *1 (D. Conn. March 31, 2006); *Internet Archive v. Shell*, 2006 WL 1348559, at *1 (N.D. Cal. May 17, 2006); *In re Ha*, 2009 WL 2514870, at *2 (Bankr. S.D. Fla. Aug. 11, 2009). Accordingly, because Rev. Terrell did not waive his personal jurisdiction defense, the Court must now determine whether his defense has merit.

4

### 2. Personal Jurisdiction

Rule 12(b)(2) allows a defendant to challenge the Court's exercise of personal jurisdiction. When a nonresident defendant seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing the Court's jurisdiction over the defendant, but, unless the Court convenes an evidentiary hearing on the issue, the plaintiff need only make a *prima facie* showing that the Court's exercise of personal jurisdiction is proper. *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). As with Rule 12(b)(1) motions regarding the Court's subject matter jurisdiction, the Court is not restricted to reviewing the pleadings alone when considering a Rule 12(b)(2) motion - the Court may consider affidavits, interrogatories, depositions, or any other appropriate method of discovery. *Wilson v. Belin* 20 F.3d 644, 648 (5th cir. 1994). "In determining whether a prima facie case exists, this Court must accept as true [the plaintiffs'] uncontroverted allegations, and resolve in [their] favor all conflicts between the [jurisdictional] facts contained in the parties' affidavits and other documentation." *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 219-20 (5th Cir. 2012)(citations omitted).

"The Court may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction comports with Due Process." *Phillips v. ABB Combustion Engineering, Inc.*, - F. Supp. 2d - , 2013 WL 3010794, at *2 (E.D. La. 2013)(citations omitted). "Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the two-part inquiry merges into one: whether this Court's exercise of jurisdiction over the defendant[] would offend due

process." *Id.* (citing La. Rev. Stat. Ann. § 13:3201(B)).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Burger King Corp. v. Rudzewicz* 471 U.S. 462, 471-72 (1985)(citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). A district court's exercise of personal jurisdiction comports with Due Process if the plaintiff shows (1) that the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colorado*, 615 F.3d 364, 367 (5th Cir. 2010)(citation omitted). "The 'minimum contacts' prong of the two-part test may be further subdivided into contacts that give rise to 'general' personal jurisdiction and 'specific' personal jurisdiction." *Choice Healthcare, Inc.*, 615 F.3d at 368. "Regardless of whether the lawsuit is related to the defendant's contacts with the forum, courts may exercise general jurisdiction over any lawsuit brought against a defendant that has substantial, continuous, and systematic general contacts with the forum state." *Seiferth v. Helicopteros Atuneros, Inc.* 472 F.3d 266, 270 (5th Cir. 2006). "If, on the other hand, a defendant has relatively few contacts, a court may still exercise specific jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum.'" *Id.* (internal quotation marks omitted). "General jurisdiction focuses on incidents of continuous activity within the disputed forum, specific jurisdiction is more constrained by virtue of a very limited nexus with the forum." *Id.*

Rev. Goodwin has failed to carry her burden of making a *prima facie* showing that this Court may properly exercise general or specific personal jurisdiction over Rev. Terrell.

There is no indication Rev. Terrell has "substantial, continuous, and systematic general contacts" with the State of Louisiana and not one of Rev. Goodwin's allegations against Rev. Terrell has anything to do with events in Louisiana. As a result, Rev. Goodwin has not shown Rev. Terrell has the requisite "minimum contacts" with the State of Louisiana for this Court to exercise personal jurisdiction over him. The Court dismisses Rev. Goodwin's claims against Rev. Terrell pursuant to Rule 12(b)(2) and the Court need not consider Rev. Terrell's arguments for a more definite statement under Rule 12(e).

## B. The City of New Orleans' Motion

The City moves to dismiss Rev. Goodwin's claims under Rule 12(b)(6), or alternatively, for summary judgment dismissing Rev. Goodwin's claims. The City argues Rev. Goodwin's claims should be dismissed under Rule 12(b)(6) because the complaint "has no cognizable claims."[20] Alternatively, the City requests summary judgment dismissing Rev. Goodwin's complaint, arguing Rev. Goodwin cannot meet her burden of proving a RICO violation at trial.

As an initial matter, the Court notes that the City cannot bring a Rule 12(b)(6) after it has filed an answer. A defendant asserting a Rule 12(b) defense must do so before filing an answer. *See Russell v. Choicepoint Servs. Inc.*, 302 F. Supp. 2d 654 (E.D. La. 2003). Although the City filed an answer in response to the Court's July 25 Order, the City's defense has not been lost. Rule 12(h)(2) allows a party that has filed an answer to raise the defense of failure to state a claim  by a motion for judgment on the pleadings under Rule 12(c). Thus, the Court may  treat the City's motion as a Rule 12(c) motion for judgment on

---

[20]R. Doc. 198, p. 3.

the pleadings for failure to state a claim for which relief may be granted. *See Jones v. Greninger* 188 F.3d 322, 324 (5th Cir. 1999).

Whether the City's motion is treated as a Rule 12(b)(6) motion to dismiss or as a Rule 12(c) motion for judgment on the pleadings does not change the legal standard the Court must apply. The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 528 (5th Cir. 2004). Pursuant to Rule 12(b)(6), a district court may dismiss a complaint, or any party of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of her claim that would entitle her to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzales v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 128 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A Claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

The Court cannot look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the Rev. Goodwin's

8

complaint, the Court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to Rev. Goodwin. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Nevertheless, the Court must not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 550 (5th Cir. 2007).

The Court finds Rev. Goodwin has not stated a facially plausible clause of action against the City. Rev. Goodwin's conclusory allegations merely state the City was a part of a "criminal enterprise" and the City had a "duty to honestly assist all residents from [New Orleans]."[21] The remainder of Rev. Goodwin's 121-page second amended complaint does not contain sufficient facts to give rise to a RICO claim, a FCA claim, or any other state law tort or contract claim. Even construing Rev. Goodwin's *pro se* complaint liberally, the Court is unable to find sufficient facts in her complaint to state a claim for relief that is plausible on its face. The Court dismisses Rev. Goodwin's claims against the City pursuant to Rule 12(h)(2) and the Court need not consider the City's arguments with respect to summary judgment.[22]

## CONCLUSION

For the above stated reasons, **IT IS ORDERED** that Rev. Terrell's Motion to Dismiss for Lack of Personal Jurisdiction be and hereby is **GRANTED**.

---

[21]R. Doc. 27, p. 26.

[22]The Court notes the City properly attached a statement of uncontested facts to its motion, but does not point to any factual material in the record as required under Rule 56(c)(1). Regardless, because the Court does not consider the summary judgment arguments, the City's Rule 56 deficiencies are immaterial.

**IT IS FURTHER ORDERED** that the City's Motion to Dismiss be and hereby is **GRANTED**.

New Orleans, Louisiana, this 29th day of April, 2014.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**